USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1264 ALFREDO G. HUALDE-REDIN, ET AL., Plaintiffs, Appellants, v. ROYAL BANK OF PUERTO RICO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Alfredo Hualde-Redin, Maria Susana Costa and Paul Martin ____________________ ___________________ ____________ Hualde on brief pro se. ______ Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, ________________ _____________________ Deputy Solicitor General, and Vannessa Ramirez, Assistant _________________ Solicitor General, Department of Justice, on brief for appellees State Court Judges and Marshals, The Clerk of The Supreme Court of Puerto Rico, and Government Attorney Ivette Acosta. Goldman Antonetti & Cordova on brief for appellees Ramon _____________________________ Dapena, Jorge Souss, Ivonne Palerm, Goldman Antonetti & Cordova, Mr. Carlos Del Valle and American International Insurance Co. De Corral & De Mier on brief for appellee General Accident ____________________ Insurance Co. ____________________ March 19, 1997 ____________________ Per Curiam. We affirm the dismissal of plaintiffs' ___________ action for the reasons stated by the district court in its January 31, 1996 decision. No basis warranting Judge Fuste's recusal was stated in any of plaintiffs' motions. With respect to the district court's order barring plaintiff from proceeding pro se in the future, we clarify as follows. The last sentence of the court's January 31, 1996 order is vacated and the following is substituted: Mr. Alfredo Hualde-Redin is enjoined from filing any civil action pro se in the United States District Court for the District of Puerto Rico without first obtaining permission from that court to proceed pro se. In seeking leave to proceed pro se, Mr. Alfredo Hualde-Redin must (1) clearly caption his motion as an "Application Pursuant to Court Order Seeking Leave to Proceed Pro Se," (2) attach a copy of this order to the motion, (3) certify that the claim or claims he seeks to present are new claims never before raised and disposed of on the merits by any federal court, (4) certify that the claim or claims are not frivolous or taken in bad faith, and (5) include in the motion the following information: A. A list of all lawsuits currently pending or filed previously with the district court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of any appeal; and B. A list apprising the district court of all outstanding injunctions or orders limiting plaintiff's access to federal court, including orders and injunctions requiring plaintiff to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, -2- if applicable, of all such orders or injunctions. Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to proceed pro se. The order, as clarified, is affirmed. Our clarification does not prevent the district court from imposing further conditions or sanctions in the future if the present injunction is not sufficient to curb Mr. Hualde-Redin's frivolous and abusive litigation. Even if Mr. Alfredo Hualde-Redin does certify in the terms specified, the district court retains authority to deny the Application in the exercise of its reasoned discretion. Appellees have requested attorneys' fees in their briefs. Although appellants' appellate arguments are all frivolous, we deny appellees' request for attorneys' fees because appellees have not yet filed a separate motion for attorneys' fees as required by Fed. R. App. P. 38. This denial is without prejudice to filing a motion in compliance with Fed. R. App. P. 38 and Loc. R. 39.2. Appellees' costs pursuant to Fed. R. App. P. 39 will be allowed. The judgment, as clarified, is affirmed. ________ -3-